SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
GEORGE F. BISHOP (CA Bar No. 89205)
gbishop@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
HOSIE RICE LLP
188 The Embarcadero, Suite 750
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Plaintiff*
*BACKWEB TECHNOLOGIES, LTD.*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKWEB TECHNOLOGIES, LTD., <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant. | Case No. C 10-4310 EMC <br><br> **ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff BackWeb Technologies, LTD. ("BackWeb" or "Plaintiff") hereby files its complaint against Defendant International Business Machines Corporation ("IBM" or "Defendant"), for patent infringement. For its complaint, Plaintiff alleges, on personal knowledge as to its own acts and on information and belief as to all other matters, as follows:

## PARTIES

1. BackWeb is a corporation organized under the laws of the State of Israel, and has its principal place of business in Rosh Ha'ayin, Israel. BackWeb's wholly owned subsidiary, BackWeb Technologies, Inc. maintains its prinicipal office in Santa Clara, California. BackWeb is and at all pertinent times was the assignee and owner of the patents at issue in this case.

2. Defendant IBM, on information and belief, is a corporation organized under the laws of the State of New York. IBM is doing business in California, and has its principal place of business in Armonk, New York.

## JURISDICTION AND VENUE

3. This complaint asserts a cause of action for patent infringement under the Patent Act, 35 U.S.C. § 271. This Court has subject matter jurisdiction over this matter by virtue of 28 U.S.C. § 1338(a). Venue is proper in this Court by virtue of 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b), in that Defendant IBM may be found in this district, has committed acts of infringement in this district, and a substantial part of the events or omissions giving rise to the claim occurred and a substantial part of property that is the subject of the action is situated in this district.

4. This Court has personal jurisdiction over Defendant IBM because it has a place of business in, and provides infringing products and services in, the Northern District of California.

## INTRADISTRICT ASSIGNMENT

5. Pursuant to Civil LR 3-2(c), this case should be subject to district-wide assignment because it is an Intellectual Property Action.

## BACKGROUND

### The BackWeb Patents

6. Plaintiff owns a patent, U.S. Patent No. 5,913,040 ("'040 Patent"), issued on June 15, 1999, to inventors Yuval Rakavy and Eli Barkat. A true and correct copy of the '040 Patent is attached as Exhibit "A" and is incorporated herein by reference. Plaintiff is the legal and rightful owner of the '040 Patent.

7. The '040 Patent contains fourteen (14) patent claims covering unique and novel methods and processes for transmitting digital information in background mode over a communications link between a computer network and a local computer and throttling the transfer speed to create minimal interference with other processes communicating over the communications link. The digital information described in the patent could be in a variety of forms, including, but not limited to, news, weather, stock quotes, sports scores, software updates or trip reservation information.

8. Plaintiff also owns two continuation patents, U.S. Patent No. 6,317,789 ("'789 Patent") and U.S. Patent No. 6,539,429 ("'429 Patent"), issued on November 13, 2001 and March 25, 2003, respectively. A true and correct copy of the '789 Patent is attached as Exhibit "B" and is incorporated herein by reference. Plaintiff is the legal and rightful owner of the '789 Patent. A true and correct copy of the '429 Patent is attached as Exhibit "C" and is incorporated herein by reference. Plaintiff is the legal and rightful owner of the '429 Patent. The two continuation patents contain twenty-eight (28) patent claims covering unique and novel methods, processes and systems for transmitting digital information in

background mode over a communications link between a computer network and a local computer with minimal interference with other processes communicating over the communications link. Plaintiff's three patents in this patent family will be referred to herein as its Transparent Update Patents.

9. Plaintiff owns a patent, U.S. Patent No. 6,374,289 ("'289 Patent"), issued on April 16, 2002, to inventors Hubert Delaney, Adi Ruppin, Lior Hass, and Ofer Faigon. The '289 Patent contains twenty-three (23) patent claims covering a unique and novel method for distributing data packages across a hybrid peer-to-peer network, the network featuring a server, a plurality of peer clients attached to the network, and lists of data packages identifying the location of the data package in at least one of the plurality of peer clients, for transmission. A true and correct copy of the '289 Patent is attached as Exhibit "D" and is incorporated herein by reference. Plaintiff is the legal and rightful owner of the '289 Patent. On March 26, 2010 the U.S. Patent and Trademark Office granted in part Microsoft Corporation's request for *inter partes* re-examination of the '289 patent.

**IBM's Infringing Goods and Services**

10. On July 20, 2010, IBM acquired BigFix, Inc. Before and after the acquisition, BigFix has manufactured and sold software that allows organizations to secure computers by managing and automating security and compliance updates on their computers. BigFix's software facilitates the distribution of client anti-virus, anti-malware, firewall and network access control software. These software updates are provided using bandwidth throttling technologies that allow for the software to be transferred in the background without disturbing the user's other network activities.

11. IBM distributes and sells software for the management of enterprise computer systems called IBM Tivoli Provisioning Manager for Software that facilitates the

distribution of software over network connections.  These software updates are provided using bandwidth throttling technologies that allow for the software to be transferred in the background without disturbing the user's other network activities.  The Provisioning Manager also provides for the sharing of data packages among the enterprises' client computers.

## COUNT I
### (Patent Infringement)

12. Plaintiff incorporates by reference the allegations of paragraphs 1 through 10 above.

13. BackWeb is the owner of the '040, '789, and '429 patents.

14. IBM has infringed and is still infringing the Transparent Update Patents, by, without authority, consent, right or license, and in direct infringement of the patents, making, using, offering for sale and/or selling digital information transfer products using the methods, processes and apparatuses claimed in the patents in this country.  This conduct constitutes infringement under 35 U.S.C. § 271(a).

15. In addition, IBM has infringed and is still infringing the Transparent Update Patents in this country, through, *inter alia*, its active inducement of others to make, use, and/or sell the systems, products and methods claimed in one or more claims of the patents. This conduct constitutes infringement under 35 U.S.C. § 271(b).

16. In addition, IBM has infringed and is still infringing the Transparent Update Patents in this country through, *inter alia*, providing and selling goods and services including products designed for use in practicing one or more claims of the Transparent Update Patents, where the goods and services constitute a material part of the invention and are not staple articles of commerce, and which have no use other than infringing one or more claims

of the Transparent Update Patents.  IBM has committed these acts with knowledge that the goods and services it provides are specially made for use in a manner that directly infringes the Transparent Update Patents.  This conduct constitutes infringement under 35 U.S.C. § 271(c).

17.     IBM's infringing conduct is unlawful and willful.  IBM's willful conduct makes this an exceptional case as provided in 35 U.S.C. § 285.

18.     As a result of IBM's infringement, Plaintiff has been damaged, and will continue to be damaged, until they are enjoined from further acts of infringement.

19.     IBM will continue to infringe the Transparent Update Patents unless enjoined by this Court.  Plaintiff faces real, substantial and irreparable damage and injury of a continuing nature from IBM's infringement for which Plaintiff has no adequate remedy at law.

## COUNT II
### (Patent Infringement)

20.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 10 above.

21.     BackWeb is the owner of the '289 Patent.

22.     IBM has infringed and is still infringing the '289 Patent, by, without authority, consent, right or license, and in direct infringement of the patents, making, using, offering for sale and/or selling digital information transfer products using the methods, processes and apparatuses claimed in the patent in this country.  This conduct constitutes infringement under 35 U.S.C. § 271(a).

23.     In addition, IBM has infringed and is still infringing the '289 Patent in this country, through, *inter alia*, its active inducement of others to make, use, and/or sell the

systems, products and methods claimed in one or more claims of the patent.  This conduct constitutes infringement under 35 U.S.C. § 271(b).

24. In addition, IBM has infringed and is still infringing the '289 Patent in this country through, *inter alia*, providing and selling goods and services including products designed for use in practicing one or more claims of the '289 Patent, where the goods and services constitute a material part of the invention and are not staple articles of commerce, and which have no use other than infringing one or more claims of the '289 Patent.  IBM has committed these acts with knowledge that the goods and services it provides are specially made for use in a manner that directly infringes the '289 Patent.  This conduct constitutes infringement under 35 U.S.C. § 271(c).

25. IBM's infringing conduct is unlawful and willful.  Defendant IBM's willful conduct makes this an exceptional case as provided in 35 U.S.C. § 285.

26. As a result of IBM's infringement, Plaintiff has been damaged, and will continue to be damaged, until they are enjoined from further acts of infringement.

27. IBM will continue to infringe the '289 Patent unless enjoined by this Court.  Plaintiff faces real, substantial and irreparable damage and injury of a continuing nature from Defendant IBM's infringement for which Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays:

(a) That this Court find Defendant has committed acts of patent infringement under the Patent Act, 35 U.S.C. § 271;

(b) That this Court enter judgment that:

(i) The Transparent Update Patents are valid and enforceable;

(ii) Defendant IBM has willfully infringed the Transparent Update Patents;

      (iii)  The '289 Patent is valid and enforceable; and

      (iv)  Defendant IBM has willfully infringed the '289 Patent;

  (c)  That this Court issue a preliminary and final injunction enjoining IBM, its officers, agents, servants, employees and attorneys, and any other person in active concert or participation with them, from continuing the acts herein complained of, and more particularly, that IBM and such other persons be permanently enjoined and restrained from further infringing the Transparent Update Patents;

  (d)  That this Court issue a preliminary and final injunction enjoining IBM, its officers, agents, servants, employees and attorneys, and any other person in active concert or participation with them, from continuing the acts herein complained of, and more particularly, that IBM and such other persons be permanently enjoined and restrained from further infringing the '289 Patent;

  (e)  That this Court award Plaintiff the damages to which it is entitled due to Defendant IBM's patent infringement, with both pre-judgment and post-judgment interest;

  (f)  That Defendant IBM's infringement of the BackWeb Patents be adjudged willful and that the damages to Plaintiff be increased by three times the amount found or assessed pursuant to 35 U.S.C. § 284;

  (g)  That this be adjudged an exceptional case and that Plaintiff be awarded its attorney's fees in this action pursuant to 35 U.S.C. § 285;

  (h)  That this Court award Plaintiff its costs and disbursements in this civil action, including reasonable attorney's fees; and

  (i)  That this Court grant Plaintiff such other and further relief, in law or in equity, both general and special, to which it may be entitled.

| | |
|---|---|
| Dated:  September 23, 2010 | Respectfully submitted, |

                                                    _____

SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
GEORGE F. BISHOP (CA Bar No. 89205)
gbishop@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
HOSIE RICE LLP
188 The Embarcadero, Suite 750
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Plaintiff*
*BACKWEB TECHNOLOGIES, LTD.*

ORIGINAL COMPLAINT AND JURY DEMAND                                          Case No. C 10-4310 EMC

8

**DEMAND FOR JURY TRIAL**

  Plaintiff, by its undersigned attorneys, demands a trial by jury on all issues so triable.

Dated:  September 23, 2010      Respectfully submitted,


                _____
                SPENCER HOSIE (CA Bar No. 101777)
                shosie@hosielaw.com
                BRUCE WECKER (CA Bar No. 078530)
                bwecker@hosielaw.com
                GEORGE F. BISHOP (CA Bar No. 89205)
                gbishop@hosielaw.com
                DIANE S. RICE (CA Bar No. 118303)
                drice@hosielaw.com
                HOSIE RICE LLP
                188 The Embarcadero, Suite 750
                San Francisco, CA 94105
                (415) 247-6000 Tel.
                (415) 247-6001 Fax

                *Attorneys for Plaintiff*
                *BACKWEB TECHNOLOGIES, LTD.*